## CONTRACTS FOR CONSTRUCTION AND REPAIR OF SCHOOL BUILDINGS.

Common Pleas Court of Summit County.

CORNELIUS MULCAHY, ETC., *v.* BOARD OF EDUCATION ETC., ET AL.[*]

Decided, February 2, 1925.

*Bids and Bidding—For Work on School Buildings—Mandatory Requirement for Separate Statement as to Cost of Labor and Material—Limited Discretion Vested in School Boards—Section 7623.*

1. A board of education can not legally award the contract for construction or repair of a school building to a builder who has failed to separately state the prices bid for labor and for materials.

2. In awarding the contract for such work the board has no discretion other than to either award the contract to the lowest responsible bidder or else reject all the bids.

*Commins, Brouse, Englebeck & McDowell,* for plaintiff.

*Henry M. Hagelbarger,* Director of Law of the City of Akron; *Smoyer Clinedinst & Smoyer,* and *Mather, Nesbitt & Willkie,* for defendants.

BOYLAN, J.

It will not be necessary for the court to review the pleadings in this case, or to make reference to the many citations that were furnished by counsel, excepting to say that the court has examined carefully all of the law cited by counsel on both sides together with other authorities. So that the court will only refer in this decision to those authorities which seem sufficient to determine the issues in the case.

The court wishes to say that the able manner in which this case was presented by counsel on both sides is appreciated. The many questions involved have been gone into, and the law has been thoroughly covered. It remains only for the court to determine the issues under the law.

In passing upon this question the court will say with reference to the claim of the defendant that plaintiff was bringing this action as a disgruntled bidder, that so far as the issues involved in this case are concerned there is nothing to indicate anything further than the usual bringing of a suit on the part of a taxpayer. There is nothing in the evidence, or in the law, that would interfere with the exercise of the right which the plaintiff has exercised. The

fact that he was, or is, the President of an unsuccessful bidder, so far as this case is concerned, has no bearing on the question as to the legality of the proposal made by the defendant, the C. W. & P. Construction Company, to whom the contract has been awarded.

This action is based upon G. C. Section 7623, which reads as follows:

"When a board of education determines to build, repair, enlarge or furnish a schoolhouse or schoolhouses, or make any improvement or repair provided for in this chapter, the cost of which will exceed in city districts, fifteen hundred dollars, and in other districts five hundred dollars, except in cases of urgent necessity, or for the security and protection of school property, it *must proceed as follows:*"

Omitting part of the section, paragraphs 5, 6 and 7, are:

"Sec. 5. When both labor and materials are embraced in the work bid for, each must be separately stated in the bid, with the price thereof."

"Sec. 6. None but the lowest responsible bid shall be accepted. The board in its discretion may reject all the bids, or accept any bid for both labor and material for such improvement or repair, which is the lowest in the aggregate."

"Sec. 7. Any part of a bid which is lower than the same part of any other bid, shall be accepted, whether the residue of the bid is higher or not; and if it is higher, such residue must be rejected."

In this case the plaintiff alleges that the contract entered into between the defendant Board of Education and The C. W. & P. Construction Company is void and illegal because of the fact that both materials and labor are embraced in the general work to be performed by the contractor, and that it did not separately state in its bid the amount to be charged for labor and the amount to be charged for material.

The statute is clear and plain with reference to this provision. It says that "when both labor and materials are embraced in the work bid for, each must be separately stated in the bid with the price thereof."

No better authority or clearer statement can be made than is found in the 109th Ohio St., page 14, *Perkins et al.* v. *Bright.* This case has been cited by counsel for the plaintiff, and commented upon by counsel on both sides. This exact

question arose, excepting in a different form, and to a different degree. The rule laid down unmistakably makes no distinction as to degree.

The court says on page 18:

"If any discretion is granted to the board, the phraseology of the statute, employing language mandatory in character, leaves that discrettion to be exercised only within the limited degree permitted by the statute. Provision is made that the labor and materials 'must be separately stated in the bid, with the price thereof,' and further, that 'any part of a bid which is lower than the same part of any other bid, shall be accepted.' " etc.

Language of this character can have but one interpretation, which is that, in view of the fact that it relates to the action of boards of education in building and repairing school-houses, and is not of universal character relating to public buildings generally, it must receive the construction given enactments referring to special subjects. The Court on page 20 says:

"And, further, bidders doubtless many times may be willing to furnish material and labor together at a smaller amount than the true total of the bids for labor and material separately; but we are of opinion that some reasonably accurate value should be given in the separate bid for labor and the separate bid for material, even though the total, as given in the bid, be lower than the true total thereof, and that to place a figure at the same amount for the labor, the material and the total thereof is in utter disregard of the letter, spirit, and intent of the section of the statute in question, and subversive of its purpose.

"Boards of education are creations of statute, and their duties and authority are marked by legislation, and those who contract with them must recognize the limitations placed by law—by the power that created such boards. The language of the statute under consideration is clear, plain, positive, and mandatory, and, if the object sought to be obtained by the Legislature is not the best for the public, its amendment or revision may be sought in the Legislature, but as long as the law remains upon the statute books in its present form we must give it such construction as its plain letter requires."

There is no dispute in this case that the proposal of the defendant the C. W. & P. Construction Company, under item

one, on the first page of the blank which was furnished by the board, entitled "General work, bond," that no amount was filled in under the title material, or under the title labor, but that under the title total the amount of $5,647 is filled in. Oral testimony was received on this question to show or explain why the figures were omitted. The testimony showed that no charge was being made in general work either for material or labor, and that the total amount as specified in the total column was in reality the amount of the premium for the bond required of the contractor. The court is of the opinion that oral testimony of this nature cannot affect or eliminate the mandatory language of the statute. It may appear to some to be a technical objection or ruling, but we find the authorities do not seem to consider the degree or extent of the omission to control.

In the case of *Locher* v. *Haserot*, 23 C. C. (N. S.), 552, the court says on page 557:

"It is urged further on the part of the defendant here that the amount involved is too trivial for the court to interfere. This contention we do not regard as sound. The amount involved upon the entire award would be $48.00. This, as compared with the whole contract, is not a large amount, but the principle here involved is such that we regard the precedent as a dangerous one to allow this contract to be carried out."

So that in the face of the many decisions, and particularly of the Perkins case in the 109th Ohio St., there seems to be no doubt or question concerning the law on this particular point, and that this defect was such an omission to do the things required by the statute as to make the bid void.

We come now to the question as to the right of the board to eliminate the bid of the defendant, the C. W. & P. Construction Company, on the alternates as specified: No. 3-D., New Castle exterior face brick instead of hydraulic pressed brick; No. 8-A, Trinidid Asphalt roofing instead of Barrett roofing; No. 28-a, Burger lockers instead of Lyon metallic lockers. These are admittedly $2,870.00 less than the amounts for the similar materials as specified in the base bid.

Was the action of the board of education on this question within the statute governing the letting of contracts by boards of education? Quoting again, Subdivision 6 of the statute provides;

"None but the lowest responsible bid shall be accepted. The board in its discretion may reject all the bids, or accept any bid for both labor or material for such improvement or repair, which is lowest in the aggregate."

This section of the statute has been construed in *Ross* v. *Board of Education*, 42 O. S. 374, 378. The court says:

"The discretion given by this clause is to reject all the bids. This is the only discretion given. If it is determined to accept a bid, there is no discretion as to which bid must be accepted. If the lowest responsible bid be rejected, and any other be accepted, the action of the board may be controlled by mandamus, without violating the rule that any matter of discretion is not subject to control by proceedings in mandamus."

Also, *Locher* v. *Haserot*, 23 C. C. (N. S.) 552, 556:

"The discretion left with the board is the discretion to determine whether he who offers to do for the least amount of money is a responsible bidder, so that he may be depended upon to furnish that which corresponds in all respects with the specifications, and that the board has not the discretion to say that because a bidder will furnish something better than the specifications require at a higher price than a responsible bidder will furnish that which is exactly what the specifications require, is the lowest because the best bidder."

It is not disputed that the bid on which the contract was awarded on December 30th is not the lowest bid. It is claimed, however, that the board had the discretion to decide upon the material which it would use, and then to accept the lowest bid for that material. The board, if it had any such discretion, exercised that discretion and decided upon the material in the resolution of August 26th. But did it have such discretion? The board advertised for bids for different materials, and the proposal blanks furnished by the board covered these materials as set forth in the base bid and the alternates. These alternates were adopted. The board thereupon determined, even before the advertisement was made, that the materials on which they thus invited bids were suitable materials for the purpose, and for it now to exercise its discretion and to adopt a material higher in price than the lowest bid on any material to be used for that purpose is an

abuse of discretion. It is likewise in direct contravention of law. This is the holding in the case of *State* v. *McKenzie*, 9 C. C. (N. S.), 105; 19 C. D. 115. In that case the law required the commissioners to award the contract on the "lowest bid."

Upon the adjudication above cited, under the statute under consideration, the board must, unless all bids are rejected, award the contract to the lowest ˙responsible bidder. To do otherwise according to the opinion, is to—

"Swing wide the door of official discretion which experience teaches is too often but another name for graft and corruption. No corruption is charged or indicated in this case." * * *

"If this commission determines to build of granite without more particular specifications of variety or quality, it must so determine before asking for bids, and then let the contract, if at all, to the lowest bidder who comes within the specifications. If it determines to build of Pink Milford granite, it must likewise so determine beforehand." * * *

"In the matter of general materials for a public building, no discretion as to the choice can lawfully be reserved until after the bids are opened, when the statute expressly requires, as it does here, that specifications should be made in advance, and that the contract shall be let to the lowest bidder. To hold otherwise would be to strike at the very root and foundation of these requirements of the statute. For if the law does not apply in letter and spirit to gross raw materials like these, what is left? The law forthwith becomes a dead letter." * * *

"But we hold that the reservation, by the commission, of the right to determine, after opening the bids, the materials to be used in constructing the Cuyahoga county courthouse is unwarranted and illegal." *State* v. *McKenzie, supra*.

This language applies to the case at bar, for as we have said, if any bid be accepted, it must be the lowest bid, and the board cannot reserve the choice of materials until after the bid is in and then accept a material which is bid higher in price.

The cases of *State* v. *Toledo*, 14 C. C., 15, and *Polhamus* v. *Board of Education*, 21 C. C. 25, are not in point in this case, as was stated by Judge Henry in the McKenzie case.

In the case of *Gilbert* v. *Board*, 21 C. C. 416, the court overlooked the rule announced in *Ross* v. *Board of Education, supra*, by the Supreme Court. The Circuit Court there assumes that the board had a discretion wider than that merely to reject all bids, whereas it is decided in the Ross case that it has no such discretion.

. The bids on which the awards were made, therefore, on December 30th, not being the lowest, the board was without jurisdiction to make the award, unless it should also be found that that lower bid was not a responsive bid, and no claim is made that any bidder is not responsible. Moreover, it is held in New Jersey that before a bidder can be rejected on the ground that he is not responsible, he must be given a hearing. *Faist* v. *Hoboken*, 72 N. J., 361. In that case the law required that the contract be let to the "lowest responsible bidder." The court says:

"If a responsible bidder tenders himself ready to fulfill his bid by entering into a contract, and offers the bondsman or security required, he is entitled to be awarded the contract as against any person whose bid was higher than his.

"If there be any allegation that a bidder is not rseponsible, he has a right to be heard upon that question, and there must be a distinct finding against him, upon proper facts, to justify it."

It seems clear the board did not have the discretion which it undertook to exercise on December 30th, and did not have jurisdiction to make the award which it did. However, assuming that it did have such jurisdiction, what is the record as to the action of the board. On August 26th it decided to accept certain alternates. Thereafter, and on December 30th, and after their action in that behalf was litigated through the courts and the bid found to be illegal, the board apparently changed its mind and decided to reject these alternates and adopt another bid. Mr. Waller, the President of the board, and a member, was asked the following question and gave the following answer:

"Q. Mr. Waller, since the adoption of these alternates, you may state why the board of education rejected the alternates which were adopted on the 26th day of August, 1924?

"A. I don't know."

If he did not know any reason for such action, we may be permitted to conclude there was none.

The board in its capacity of awarding contracts should exercise a judgment based on facts to justify the conclusion reached. The discretion given them is not a captious one to be exercised arbitrarily with favoritism for any bidder, or with prejudice against any bidder.

McQuillen Municipal Corporations, Sec. 1227, reads:

"This discretion is not an arbitrary uncontrolled one, but one limited to the exercise of *bona fide* judgment, based upon facts tending reasonably to the support of their determination. Accordingly it has been held that an award to one who is not the lowest bidder will be set aside where no plausible reason for making it is given."                                                         ,

Dillion Municipal Corporations, Sec. 811, reads:

"Even when the provision of the statute is that the contract shall be let to the "lowest responsible bidder," or "lowest and best bidder," the body or officer awarding the contract can not exercise the discretion entrusted arbitrarily, and without reason reject a lowest bid and accept a higher one."

In *People* v. *Gleason*, 121 New York, 631, 634, 635, the court says:

"The claim is made on behalf of the relator that there is a conclusive presumption that the common council adjudicated that his bid was that of the lowest responsible bidder. If this claim be well founded, then provisions like that above quoted from the city charter are of little use, and they can always be effectually disregarded and violated. It is true that the common council, where there are several bidders, have jurisdiction to determine who is the lowest responsible bidder. But in order to give its action any legal effect, it must exercise its jurisdiction and make a determination based upon some facts. If it refuses to accept the lowest bid for work or supplies, there must be some facts tending to show that it is not that of a responsible bidder, or there must be, at least, some pretense to that effect. An arbitrary determination by such a body to accept the highest bid without any facts justifying it, cannot have the effect of a judicial determination, and must be denounced as a palpable violation of law."

Even if the board did have the discretion claimed, that discretion has been abused and its action should be set aside. The board may invite bids for different materials for the same part of the building, but where they are all competitive, as here, the contract must be awarded, if at all, on the material for which the lowest bid is received.

The reasons and authorities herein given are deemed sufficient and decisive of this case, and no other questions raised by the pleadings will be passed upon.

The injunction will, therefore, be granted as prayed for in the petition.